Plaintiffs rely on the following facts to sustain the service. Upon reading defendants' advertisement in the New York Daily News, a New York newspaper which is also circulated in New Jersey, Mrs. Scheidt called defendants at a Pennsylvania telephone number given in the advertisement, and as Mrs. Scheidt avers, "came to a definite agreement as to our accommodations, date of arrival, length of stay and rate. There was absolutely no condition attached, merely a request that we telegraph a $35.00 deposit, which we promptly did." Mrs. Scheidt has seen the advertisement both before and since this occasion. After the accident representatives of the defendants and their insurer called on Mrs. Scheidt regarding it.

■ These circumstances do not render defendants subject to extraterritorial service of process. Defendants' advertisements in an out of state newspaper circulated in New Jersey, plaintiffs' telephone conversation with them at the Pennsylvania number listed in the advertisements, defendants' receipt of a deposit sent from New Jersey and the visits to New Jersey by representatives of defendants regarding the accident are peripheral occurrences and do not constitute "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[3] New Jersey therefore did not have the necessary

"minimum contacts" to sustain jurisdiction over the person and service of process required by due process,[4] and service was properly quashed.

The judgment of the district court will be affirmed.

**UNITED STATES of America,**
**Appellee,**

**v.**

**Helen Lucille ISAAC, Appellant.**
**No. 11382.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1968.

Decided Jan. 23, 1968.

---

the individual employed in such business; * * *.

    *     *     *     *     *

"(j) Whenever it shall appear by affidavit of the attorney for the plaintiff or of any person having knowledge of the facts, that, after diligent inquiry and effort, an individual cannot be served in this State under any of the preceding paragraphs of this rule, then, consistent with due process of law, service may be made by mailing, registered mail, return receipt requested, a copy of the summons and complaint to the individual addressed to his dwelling house or usual place of abode. * * *"

3. Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1956).

4. Hanson v. Denckla, supra. See International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Rosenblatt v. American Cyanamid Co., 86 S.Ct. 1, 15 L.Ed.2d 39, Goldberg, J., in chambers, appeal dismissed 382 U.S. 110, 86 S.Ct. 256 (1965). See generally Currie, The Growth of the Long Arm: Eight Years of Extended Jurisdiction in Illinois, 1963 U.Ill.L.Forum 533 (1963); von Mehren & Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv.L.Rev. 1121 (1966).

Harold N. Morris, Greenville, S. C. (Court-appointed counsel) [G. Maurice Ashmore on brief], for appellant.

William B. Long, Jr., Asst. U. S. Atty. (John C. Williams, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and MERHIGE, District Judge.

PER CURIAM:

Copious evidence proved appellant Helen Lucille Isaac guilty of kidnapping, 18 U.S.C. § 1201, and no error in trial appears, and so her conviction stands unquestionable.

Affirmed.

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ELECTRO MOTIVE MFG. CO., Inc.,**
Respondent.

No. 11447.

United States Court of Appeals
Fourth Circuit.

Argued Dec. 1, 1967.

Decided Jan. 26, 1968.

George B. Driesen, Attorney, N. L. R. B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Robert M. Lieber, Attorney, N. L. R. B., on brief), for petitioner.

Wm. H. Smith, Jr., Columbia, S. C. (E. D. Smith, Jr., Columbia, S. C., on brief), for respondent.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

HAYNSWORTH, Chief Judge:

In this case the National Labor Relations Board petitions for enforcement of its order directing respondent, Electro Motive Mfg. Co., Inc., to cease and desist